IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES VILLAREAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:25-cv-175-MAB |
| ) | |
| C/O CONNER, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff James Villareal, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Villareal alleges that Correctional Officer ("C/O") Conner used excessive force in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Villareal makes the following allegations: On March 3, 2024, Villareal was in his cell, naked, and bathing (Doc. 1, p. 5). Sergeant Kenner saw Villareal washing, and Lieutenant Ebers accused Villareal of improperly exposing himself to Kenner (*Id.*). Villareal denied the charges, but Ebers sprayed Villareal in the face with mace and walked away (*Id.*). In response, Villareal started kicking his cell door. Ebers returned to the cell with other officers and instructed Villareal to cuff up (*Id.*).

Villareal alleges that he complied with the officers' orders. He was led from the cellhouse to a back room which lacked cameras (Doc. 1, p. 5). Officer Conner then beat Villareal (*Id.*). Conner kicked Villareal in the back, legs, and head (*Id.*). He called Villareal racial slurs (*Id.*). After the beating, Conner allowed a nurse to look at Villareal and then escorted him to the North 2 Cellhouse (*Id.*). The following morning, Conner refused Villareal his breakfast tray and falsely reported that Villareal threw a milk carton at him (*Id.*).

## Preliminary Dismissals

Although Villareal identifies Sergeant Kenner and Lieutenant Ebers in his statement of claim and notes that Ebers sprayed him with mace and walked him to the back area where Conner beat him, he fails to identify either individual as Defendants in the case caption. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Villareal only

identifies Conner as a Defendant, noting that Conner beat him (Doc. 1, p. 1). Further, Villareal fails to allege that Ebers used excessive force on him or participated in the assault with Conner. Thus, any potential claim against Kenner and Ebers is **DISMISSED without prejudice**.

To the extent that Villareal also alleges that Conner denied him a breakfast tray on March 4, 2024, Villareal fails to state a claim. In order to state a conditions of confinement claim, a plaintiff must allege (1) "a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (*citing Farmer v. Brennan*, 511 U.S. 825, 824 (1994)). But Villareal only alleges that he was denied his morning tray on a single day; there are no allegations to suggest that he was denied any other meal, nor has he alleged that he was denied adequate nutrition for the day. His claim that he was only denied his morning tray on a single day simply fails to rise to the level of a constitutional violation.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment excessive force claim against C/O Conner for his use of force against Villareal on March 3, 2024.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

In order to state an Eighth Amendment excessive force claim, a plaintiff must demonstrate that the force was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain…discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Here, Villareal adequately alleges that he complied with the officer's orders, but Conner escorted him to a room and beat him after removing him from his cell. At this stage, Villareal has adequately alleged an excessive force claim against Conner.

## Motions for Counsel

In addition to his Complaint, Villareal filed two motions seeking the recruitment of counsel (Docs. 2 and 9). Villareal alleges that he does not know how to contact any attorneys seeking representation. He notes that he only has a grade school education and does not know how to manage his case. But given the early stage of the litigation process, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Further, there is nothing currently pending that would require counsel. Once Defendant has been served and files an answer, the Court will enter a scheduling order setting forth the next

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

steps in the litigation process. If Villareal experiences difficulties in litigating the case at that point, he may submit another request for counsel. At this time, his motions are **DENIED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against C/O Conner. All other potential claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant C/O Conner: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Villareal. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Villareal, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Villareal, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Villareal is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 21, 2025**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**